UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINALD HERBIN,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                Defendants.

22-CV-5890 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants deprived him of property. By order dated January 24, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth in this order, the Court dismisses the action.

## STANDARD OF REVIEW

      The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Plaintiff, who was not incarcerated when he filed this action, submitted the complaint without the filing fees or a request to proceed IFP. On August 22, 2022, the Court directed Plaintiff, within 30 days, to submit an IFP application or pay the $402.00 in fees required to file a civil action in this court. Because Plaintiff failed to pay the fees or file an IFP application, on December 7, 2022, the Court dismissed the complaint without prejudice. *See* 28 U.S.C. §§ 1914, 1915. The next day, however, the Court received from Plaintiff, who is now detained at Rikers Island, an IFP application. On January 20, 2023, the Court accepted Plaintiff's late submission, vacated the December 7, 2022, order and judgment, and reopened this action for further proceedings.

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action seeking damages for the loss of his personal property. Named as defendants are the City of New York; "NYCHA Public Housing Preservation LLC managed by New York City Housing Authority − Drew Hamilton Houses"; Assistant Managers Adrianne Murray, Ciata Diggs, and Kisha Edwards at the Drew Hamilton Houses; Baya Interstate

Transport Moving & Storage, Inc. ("Baya Inc."); and John and Jane Doe defendants employed by Baya Inc.

The following assertions are taken from the complaint. Plaintiff and the New York City Housing Authority ("NYCHA") were parties to civil contempt proceedings in the Civil Court of the City of New York, County of New York ("Housing Court"), under Index No. L&T 18670/2018. In those proceedings, Plaintiff and NYCHA agreed to a stipulation that would allow Plaintiff access to a NYCHA property – apparently the Drew Hamilton Houses located in Harlem – to retrieve his personal property for safekeeping. However, NYCHA failed to comply with the stipulation, and instead transferred Plaintiff's property to Baya Inc., which then sold Plaintiff's possessions at auction. The Housing Court then directed NYCHA to pay Plaintiff $250.00, which NYCHA refuses to do. Plaintiff asserts that Defendants have violated his rights under the Fourth, Fifth, Eighth, and Ninth Amendments, and he seeks money damages for the loss of his property.

## DISCUSSION

**A.      Claims under Section 1983**

Section 1983 provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor" *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**1.      Claims against Baya Inc. and its employees**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983.

3

Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) (internal quotation marks omitted).

A private entity's activity can be attributed to the state in three situations: (1) the entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) the entity willfully participates in joint activity with the state or its functions are entwined with state policies (the "joint action" or "close nexus" test); or (3) the state has delegated a public function to the entity (the "public function" test). *Fabrikant*, 691 F.3d at 207. The receipt of public funds, or the existence of a regulatory scheme, does not in itself make a private entity's conduct an action of the State. *See Rendell-Baker v. Kahn,* 457 U.S. 830, 840-41 (1982); *Horvath v. Westport Library Ass'n*, 362 F.3d 147, 152 (2d Cir. 2004) (noting that a "predominance of public funding" is not conclusive proof of state action).

Plaintiff has not alleged facts showing that Baya Inc., the private company that sold his property at auction, acted as a state actor when it allegedly injured him. Thus, Baya Inc. and its employees are not subject to suit under Section 1983. The Court therefore dismisses Plaintiff's Section 1983 claims against Baya Inc. and its employees for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. Claims against the City of New York, NYCHA, and employees

Plaintiff's remaining defendants – the City of New York, NYCHA, Adrianne Murray, Ciata Diggs, and Kisha Edwards – are government entities and employees of such entities, and therefore state actors for purposes of Section 1983. Plaintiff asserts that these defendants deprived him of his personal property when NYCHA transferred it to Baya Inc., which then sold the property at auction. A claim for deprivation of property, however, is not recognized in federal court if the state courts provide a remedy for the deprivation of that property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) (citations omitted). The availability of an action in the Court of Claims and state law actions for negligence, replevin, or conversion have been found to be adequate post-deprivation remedies for a deprivation of personal property claim. *See Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 499 (S.D.N.Y. 2014) (New York state law provides an adequate post-deprivation remedy, that is, Section 9 of the Court of Claims Act); *Jones v. Harris*, 665 F. Supp. 2d 384, 401 (S.D.N.Y. 2009) (describing procedure available to state prisoners); *Jenkins v. McMickens*, 618 F. Supp. 1472, 1474 (S.D.N.Y. 1985) (state tort action available to compensate plaintiff for alleged loss of property by city jail officials); *see also Moreno v. New York*, 69 N.Y.2d 432 (1987) (alternative state remedies to recover seized property discussed).

Plaintiff cannot seek damages against the City of New York, NYCHA, Adrianne Murray, Ciata Diggs, or Kisha Edwards in a Section 1983 action for the loss of his property because he has not demonstrated that his available state remedies are in any way inadequate or inappropriate. *See Butler v. Castro*, 896 F.2d 698, 700-04 (2d Cir. 1990). Plaintiff's claim concerning the loss of his property is therefore dismissed for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     State Law Claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law tort claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**C.     Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**CONCLUSION**

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider, under its supplemental jurisdiction, any claims that Plaintiff may be asserting under state law. *See* 28 U.S.C. § 1367(c)(3). All other pending matters in this case are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated: March 6, 2023
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge